[No. 6486.]

PEOPLE EX REL. COLORADO BAR ASSOCIATION v. ELLIS.

**Attorneys-at-Law — Practicing Without a License — Contempt — Defenses.**

Chapter 77 of the Session Laws of 1905, provides that any person who shall, without having a license from the supreme court, advertise or hold himself out as an attorney, or who shall appear in any court of record to conduct a suit in behalf of another, shall be deemed guilty of contempt. Respondent was admitted to practice in Kentucky and was in active practice there for more than 20 years, and was admitted to practice in the territory of New Mexico and before the Department of the Interior, and is still so entitled to practice. He subsequently removed to Colorado and made application to practice law, endeavoring to comply with all the requirements of the board of examiners, but while his application was pending before the board, he was advised by the judge of the district in which he resided that he had a right to appear in a court of record, and, acting upon such advice, and in daily expectation of receiving a license, he accepted employment as an attorney. He did not know of the above law until he learned through the public press that an information under it had been filed against him; and immediately on receiving a copy of the information, he stopped practicing, which facts he set forth in his answer, and alleged that he would no longer hold himself out as an attorney-at-law, and further alleged that no charge could be made against his honor as an attorney and as a man, and such statements were not controverted. Held that, although respondent violated that statute, it is apparent he did not do so intentionally, and the duty of the court does not require his punishment.

*Proceeding by the people, on the relation of the Colorado Bar Association, against G. F. Ellis, for contempt.          Respondent discharged.*

Decision *en banc.* Mr. JUSTICE CAMPBELL not participating.

Mr. A. R. MOLLETTE, for petitioner.

Messrs. MELVILLE, SACKETT & CALVERT, for respondent.

Opinion *per Curiam:*

The information charges that the respondent, notwithstanding he has no license or authority to practice law in this state, has been advertising, representing and holding himself out as an attorney, appearing in courts of record in this state to conduct suits, actions and proceedings for other persons, as an attorney, and has practiced law in violation of the statutes of the state; and prays that the respondent be brought before the court and punished for contempt, as provided by the statute found on page 157 of the Session Laws of 1905.

The respondent admits that he has practiced law in this state, notwithstanding the prohibition of the statute, but disclaims any intentional violation of the law. He pleads guilty to the charge preferred in the information, and sets forth the following in mitigation of the offense: He avers that he was admitted to practice in the courts of Kentucky in the year 1881, and continued in the active practice of law in that state for the period of more than twenty years; that he was admitted to practice before the courts of the territory of New Mexico in January, 1905, and was admitted to practice before the Department of the Interior in the year 1907; that no charges have ever been preferred against him, and that he is now entitled to practice law in the state of Kentucky, the territory of New Mexico, and before the Interior Department; that about October 15, 1907, he removed to Montezuma county, in this state, for the purpose of locating there, and secured from the clerk of this court the rules of this court, and attempting to comply therewith, made application to practice law in this state, and provided and forwarded to proper authority certificates of his admission to practice in

New Mexico, and, being unable to find his certificate, made affidavit that he was admitted to practice in the state of Kentucky; that believing he had done all that was required to entitle him to practice, he accepted employment as an attorney at law, but before doing so advised with the district judge of the district wherein he resided as to his right to appear in a court of record, and was informed by the judge that, under the circumstances, he should be allowed to appear in court; that expecting daily to receive his license to practice, he accepted other employment; that on different occasions he has furnished the board of law examiners further credentials, and has sent the board his certificate of admission to practice in Kentucky, and letters from prominent members of the bar of that state and from officers of the district wherein he resides recommending his admission to the bar; that the board of law examiners has requested letters certifying to his good moral character from citizens of the place of his last residence in New Mexico, and that he has written for such letters and expects to be able to furnish them; that he did not know of the law of 1905 until he learned through the public press that information had been filed against him, and that he, immediately upon receiving a copy of the information, stopped all manner of practice; and he states that he will immediately advise his clients that he is not entitled to practice in this state, and that he will no longer hold himself out as an attorney at law. He further states that no charge can be truthfully made against his honor and integrity as an attorney and as a man.

The statements in the answer not having been controverted, we shall accept them as truthful. Although the respondent has violated the statute, we think he has not intentionally done so, and under

the circumstances disclosed by the answer, our duty does not require us to punish him, and we shall discharge him.    *Respondent discharged.*

Decision *en banc.* Mr. JUSTICE CAMPBELL not participating.